tion at the request of an employer, remarriage, or a similar justification. There is no question in this case that the move had as its purpose an attempt to avoid temporary custody or to inconvenience respondent.

I would reverse and remand because the evidence failed to prove the extent of the transportation expense which appellant has been ordered to pay; there is no proof, let alone substantial evidence, to support a finding of appellant's ability to pay a share of the transportation costs; no evidence that the move was intended to limit respondent's temporary custody; and, no evidence that respondent was financially unable to pay the increased expenses which would result in fully exercising his rights of temporary custody as modified. The judgment is against the weight of the evidence, is punitive and therefore erroneously declares and applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### John COLOMBO, Appellant,

v.

### Kenneth REECE, Respondent.

#### No. 47889.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1984.

David L. Welsh, St. Louis, for appellant.

Samuel T. Vandover, St. Louis, for respondent.

### ORDER

PER CURIAM.

Plaintiff John Colombo appeals from a judgment entered on a jury verdict in favor of defendant Kenneth Reece in a suit arising out of an automobile accident.

The judgment of the trial court is affirmed. Rule 84.16(b).

### STATE of Missouri, Respondent,

v.

### Sammie Lee UNDERWOOD, Appellant.

#### No. 47931.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 26, 1984.

Lloyd G. Briggs, Sikeston, for appellant.

John Munson Morris, Jefferson City, for respondent.

### ORDER

PER CURIAM.

Sammie Lee Underwood appeals from her conviction, after a jury trial, of stealing and assault in the second degree, for which she received sentences of five years and fines of one thousand dollars on each, with sentences to be served consecutively. No jurisprudential purpose would be served by a written opinion. The judgment of the trial court is affirmed pursuant to Rule 30.25(b).